

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 29, 1966

Hon. W. W. Kilgore
County Attorney
Victoria County
Victoria, Texas

Opinion No. C-745

Re: Whether Article 3933a,
Vernon's Civil Statutes,
relative to Sheriffs fees
for serving citations
issued out of a Small
Claims Court, is repealed
by Article 2460a, which
applies to counties in
excess of 1,200,000 in-
habitants.

Dear Mr. Kilgore:

Your letter requesting an opinion of this office
reads, in part, as follows:

"In view of the apparent conflict between
the provisions of Art. 2460a, Vernon's Annotated
Civil Statutes, and Art. 3933a of said statutes
I would appreciate an official opinion as to
which of said articles now control in the case
of Small Claims Court citations served in Harris
County, Texas, said county having a population
in excess of 1,200,000 inhabitants.

" . . . .

"The question that concerns me is whether
it was the legislative intent that Art. 3933a,
repeal the citation fees provision of Art. 2460a
as to Harris County; or whether it was the legis-
lative intent that Art. 3933a repeal only the
citation fees statutes other than Art. 2460a as
to Harris County."

Section 5 of Article 2460a, Vernon's Civil Statutes,
provides in part:

" . . . .

-3591-

"The Three Dollar ($3) filing fee provided for in this Section, the Three Dollar ($3) jury fee provided for in Section 11 of this Act and the Two Dollar ($2) citation fee provided in Section 5a shall constitute the only fees or costs authorized to be charged in the Small Claims Court; . . . ."

Section 5a of Article 2460a provides:

"A fee of Two Dollars ($2) shall be charged for the service of citation provided for in Section 5 and shall be accountable as a fee of office by the officer serving citation. . . . ."

Section 1 of House Bill No. 625, 59th Legislature, 1965, Chapter 696, page 1626, codified as Article 3933a, provides, in part, as follows:

"In counties containing a population in excess of one million, two hundred thousand (1,200,000) inhabitants, according to the last preceding Federal Census, Sheriffs and Constables shall receive the following fees:

"For each person, corporation or legal entity, on whom service of citation, subpoena, summons, or process not otherwise provided for, is performed or attempted, and return made, including mileage, if any, a fee of $4.00." (Emphasis added)

The Small Claims Court exercises concurrent jurisdiction with the Justice of the Peace Court where the amount involved does not exceed $150 with exceptions for claims for work or labor performed not exceeding the amount of $200. Expense of litigation in the Small Claims Court has been reduced to a minimum, as Section 5 of Article 2460a, quoted above, provides that the filing fee, jury fee, and citation fee are the only fees to be charged in the Small Claims Court. It is evident that the Legislature intended to reduce the cost of litigation in the Small Claims Court and provide a forum for recovery of amounts which would otherwise be devoured by costs of courts at higher levels.

Article 2460a specifically authorizes a fee of Two Dollars ($2) for service of citation in Small Claims Court cases. By use of the words "not otherwise provided for" in Article 3933a,

it is our opinion that the Legislature did not intend to repeal the provision of Article 2460a which provides for a service of citation fee in the Small Claims Court. To hold otherwise would drastically alter a number of statutes specifically providing for a set fee to be paid the Sheriff or Constable for service of citation.

## S U M M A R Y

Article 2460a, Vernon's Civil Statutes, provides for a Two Dollar ($2) citation fee to be paid Sheriffs and Constables in Small Claims Court cases, and Article 3933a does not repeal that citation fee.

Very truly yours,

WAGGONER CARR
Attorney General

By: Gordon Houser
    Gordon Houser
    Assistant

GH:sck:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Banks
Bob Towery
Gordon Cass
Lewis Berry

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright